United States District Court
Southern District of Texas
**ENTERED**
October 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Sarah Manson, <br> *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-25-1427 |
| Volkswagen of America, Inc., <br> *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 17. Pending before the court is Plaintiff's Motion to Remand. ECF No. 13. The court recommends that the motion be **GRANTED**.

### 1. *Background*

Sarah Manson filed this lawsuit against Volkswagen of America, Inc. (Volkswagen) in the Justice Court of Harris County, Texas, on March 21, 2024. ECF No. 1-3. In her Small Claims Petition, Manson sought recovery for the cost to repair the water pump in her 2018 Volkswagen Tiguan. *Id.* at 1. She references on the first page of her Petition the existence of a related class action lawsuit. *Id.* The class action to which she refers was settled in the District of New Jersey in 2022. *Zhao, et al. v. Volkswagen Group of America, Inc., et al.*, No. 2:21-cv-11251-MCA-JRA (D.N.J. October 19, 2022) (Order Approving Class Action Settlement). It appears that Manson was part of that class, although Manson argues in this case that she is not bound by the settlement. The court need not reach that issue, however.

Volkswagen filed its Original Answer in state court on November 8, 2024. ECF No. 1-3 at 11. The Answer does not mention the class action settlement. *Id.* at 11–12. It asserts a

general denial, denies that Volkswagen manufactured Manson's vehicle, and raises defenses related to warranty and the economic loss doctrine. *Id.* at 11. The state court docket sheet shows that Volkswagen filed a Motion and Amended Motion for Summary Disposition on November 8, 2024, as well as a Supplemental Motion for Summary Judgment on November 22, 2024. ECF No. 1-4.[1] It appears that the state court denied the Motion for Summary Disposition on December 18, 2024, after which attempts to mediate the case took place in February and March 2025. *Id.* at 3. After all that activity in state court, and more than a year after the case was initiated in state court, on March 27, 2025, Volkswagen filed its Notice of Removal in this court. ECF No. 1.

Manson has filed a motion to remand. ECF No. 13. She argues that Volkswagen's notice of removal is untimely and that the $75,000 amount in controversy has not been met. ECF No. 13 at 2. Volkswagen argues that the amount in controversy has been met, given that Manson's claim was already part of a class action that was already found to meet the minimum amount in controversy. ECF No. 16 at 4. Volkswagen does not address in its response its delay in removing the case to federal court. Volkswagen also moves to have this case transferred to the District of New Jersey, where the class action was settled. ECF No. 12. As the court explains below, the notice of removal was not timely filed, so this case is not properly in federal court. The case should be remanded. Accordingly, the court does not address the Motion to Transfer Venue.[2]

---

[1] The court does not have copies of any of the documents that are referenced in ECF No. 1-4.

[2] Volkswagen also filed a Motion to Strike Plaintiff's reply. ECF No. 20. The court did not consider Plaintiff's reply brief, ECF No. 19, in reaching its conclusion. Thus, Volkswagen's motion, ECF No. 20, is **DENIED as MOOT**.

2

## 2. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441; *Priester v. Deutsche Bank Nat'l Trust Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). A notice of removal must be filed within thirty days of service of the initial pleading or receipt by the defendant of any paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). In any event, a case may not be removed based on diversity of citizenship more than one year after commencement of the action unless the plaintiff acted in bad faith. 28 U.S.C. § 1446(c). "The time limitations in 28 U.S.C. Section 1446 are mandatory and must be strictly construed[.]" *Hodge v. Stallion Oilfield Servs.*, No. 07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) (internal quotation omitted).

## 3. Analysis

Volkswagen's notice of removal was untimely. The case commenced on March 21, 2024. ECF No. 1-3. Volkswagen removed the case to federal court based on diversity jurisdiction on March 27, 2025, ECF No. 1, over a year after the case was commenced. The state court Petition, filed March 21, 2024, specifically placed Volkswagen on notice that there was a related class action. ECF No. 1-3 at 1. The Petition was never amended in state court, so the facts and circumstances supporting removal were known to Volkswagen from the instant this case was filed. There is no evidence that Manson acted in bad faith or otherwise prevented Volkswagen from removing the case to federal court prior to March 27, 2025.

The court also notes two other defects in the removal. Volkswagen waited more than thirty days to remove the case. Volkswagen filed its answer in state court on November 8, 2024. ECF No. 1-3. Volkswagen then waited more than four months before filing its notice of removal.

It also appears that Volkswagen waived its right to remove the case. A defendant may waive the right to remove a case to federal court by continuing to invoke the processes of the state court after becoming aware that the case is removable. *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986). "Waiver occurs only when a defendant 'clearly and unequivocally' manifests an intent for the state court to resolve the case on its merits." *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, No. 23-20337, 2025 WL 2621301, at *1 (5th Cir. Sept. 11, 2025). Courts have considered: (1) whether actions taken by the defendant in state court were for the purpose of preserving the status quo, or did they show an intent to litigate the merits of the claim; and (2) whether the removal can be characterized as an appeal from an adverse judgment of the state court. *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000).

Although the court does not have copies of the motions that Volkswagen filed in state court, their titles indicate that Volkswagen attempted to litigate the merits of Manson's claims in state court. The removal followed the state court's denial of Volkswagen's motion for summary disposition and thus could be characterized as an appeal of an adverse judgment of the state judge.

In sum, Volkswagen's notice of removal was filed after the statutory deadlines. Volkswagen did not file its notice of removal for more than thirty days after Volkswagen's receipt of the pleading, more than a year after commencement of the suit, and after Volkswagen manifested an intent for the state court to

4

resolve the case on its merits. Courts strictly construe the removal statute, and any doubt about the propriety of removal must be resolved in favor of remand. *Wilson v. Kemper Corp. Services, Inc.*, 134 F.4th 339, 347 (5th Cir. 2025).

### *4. Conclusion*

For the foregoing reasons, the court recommends that Plaintiff's Motion to Remand, ECF No. 13, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 10, 2025.

Peter Bray
United States Magistrate Judge